THE DETROIT & BIRMINGHAM PLANK-ROAD COMPANY v. ROBERT E. FRAZER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Preliminary injunction—Discretion of court—Mandamus.*

1. The granting of a preliminary writ of injunction is a discretionary power vested in courts of original jurisdiction, and such writ is not a matter of right, particularly in cases where the parties may be fully protected by final decree or by a suit at law.

2. The Supreme Court does not sit for the purpose of granting injunctions, except it be on final hearing, when it is vested with jurisdiction on appeal; and, aside from the power exercised in such cases, it can only interpose, if at all, in case of a plain and gross abuse of discretion by the lower court.

3. It is not an abuse of discretion for the circuit judge to reach a different conclusion than the Supreme Court might, if authorized to sit in his place.

4. The Supreme Court has in some cases interfered to compel the vacation of writs of injunction when they have operated to affect injuriously vested rights, and when the emergency was such as to require a speedy remedy, which alone appeared adequate; citing *Railway Co. v. Circuit Judge*, 31 Mich. 456; *Railroad Co. v. Circuit Judge*, 44 Id. 479; *City of Detroit v. Circuit Judge*, 79 Id. 384.

*Mandamus.* Argued November 14, 1893. Denied December 13, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order modifying an injunction. The facts are stated in the opinion.

*Frank B. Leland,* for relator.

*Russel & Campbell,* for respondent.

MONTGOMERY, J. The relator filed its bill of complaint against the Detroit Suburban Railway Company and the Detroit Citizens' Street Railway Company, praying an injunction to restrain the defendants from laying a street-railway track along the line of complainant's roadbed. The bill alleges that such a construction by the defendants will interfere with its franchise, and will work irreparable injury. The defendants answered, and set up that an agreement was made by complainant on the 29th of October, 1885, granting to defendants' predecessor the privilege of building a street railway for a distance of three miles. The privilege was, by the terms of the contract, to be exercised within five years from that date. A portion was

built, but the one-half mile now contemplated was not built within the time fixed by the contract. On the coming in of the answer, the circuit judge modified the injunction so far as to admit of defendants' constructing a road along the side of the highway, and not upon the gravel portion. *Mandamus* is now sought to compel the vacation of this order, and the reinstatement of the injunction. The circuit judge returns that, had he known of the fact that complainant had bargained for and sold to defendants the privilege of constructing this road, he would not, in the first instance, have granted a preliminary injunction, because he could not see any irreparable injury to the complainant.

This Court does not sit for the purpose of granting injunctions, except it be on final hearing, when we are vested with jurisdiction on appeal. Aside from the power which we exercise in such cases, we can only interpose, if at all, in case of a plain and gross abuse of discretion. Nor is it an abuse of discretion if the circuit judge should reach a different conclusion than we might, if authorized to sit in his place. The granting of a preliminary writ of injunction is a discretionary power vested in the courts of original jurisdiction. 1 High, Inj. §§ 11, 15. Such a writ is not a matter of right, particularly in cases in which the parties may be fully protected by a final decree, or by a suit at law. This Court has in some cases interfered to compel the vacation of writs of injunction when they have operated to affect injuriously vested rights, and when the emergency was such as to require a speedy remedy, and when none but a speedy remedy appeared adequate. *Port Huron & Gratiot Ry. Co. v. Circuit Judge,* 31 Mich. 456; *Tawas & Bay Co. R. R. Co. v. Circuit Judge,* 44 Id. 479; *City of Detroit v. Circuit Judge,* 79 Id. 384. In each of these cases, however, the issuing of the injunction was held to be beyond the power of the circuit judge in the

particular case. No such criticism can here be passed upon the order made by the respondent. It was certainly within his power to determine judicially whether this writ ought to be granted during the pendency of these proceedings. This he did after a full discussion of the question by counsel, and we do not feel called upon at this stage to review his action.

The writ will be denied.

The other Justices concurred.