HARBOR SPRINGS LUMBER CO. *v.* EMMET CIRCUIT JUDGE.

1. EQUITY — JURISDICTION — TRESPASS — ADEQUATE REMEDY AT LAW.

   A bill in chancery that avers a trespass on complainant's land, the tearing down of his fences and damage to crops, the threatened continuation of the same, and that prays for an injunction to restrain the wrong, states a proper case for equity jurisdiction.

2. MANDAMUS — INJUNCTION — VACATING TEMPORARY WRIT — DISCRETIONARY ACTION.

   Under a bill of complaint which sets up a threatened injury to complainant's real property, under an alleged claim of right to a temporary private highway founded on irregular proceedings by virtue of Act No. 283, Pub. Acts 1909, which is charged by complainant to be unconstitutional, the issuance of a temporary injunction is a proper exercise of discretion on the part of the circuit judge, and will not be vacated by mandamus.

Mandamus by the Harbor Springs Lumber Company to

compel Frank Shepherd, circuit judge of Emmet county, to vacate an order denying a motion to dissolve a temporary injunction. Submitted February 23, 1910. (Calendar No. 23,843.) Writ denied March 19, 1910.

*A. L. Deuel* and *Halstead & Halstead,* for relator.

*Pailthorp & Hackney,* for respondent.

MOORE, J. This is an application for mandamus to compel respondent to vacate an order denying a motion to dissolve a temporary injunction issued in the cause of Myron Burdick and Rickey A. Burdick, complainants, v. Harbor Springs Lumber Company, defendant, now pending, and to compel the dissolution of said injunction.

The bill of complaint referred to contained the following averments:

"That complainants are owners in fee of the land involved, that they are occupying said land, and are engaged in the cultivation thereof, and that it is bounded on all sides by public highways, traveled and used by the general public for highway purposes; that defendant, Harbor Springs Lumber Company, without right so to do, on December 20, 1909, tore down and destroyed complainants' fences on said land, and entered upon said land with men and teams, and injured and destroyed the clover, grass, and herbage thereon, and has since said date repeatedly torn down and removed said fences and so entered upon said lands against the protests and objections of complainants; that complainants have repeatedly notified said defendant not to disturb said fences or to enter upon said land, but that defendant has refused to comply with said notices, but has persisted in tearing down and destroying said fences and in entering upon said land with men, teams, and sleighs, and has threatened to assault and injure complainants if they should attempt to protect their said property from being trespassed upon, and to arrest complainants if they should interfere; and that said defendant threatens to continue to tear down and remove said fences and to enter upon said lands to the great damage and detriment of complainants; that defendant claims to have acquired some right under sections 7, 8, 9, and 10 of chapter 9 of Act No. 283, Pub. Acts 1909, to enter upon

complainant's premises, but that said chapter so far as it relates to the opening of private and temporary highways is unconstitutional, as no provision is made therein for ascertaining and determining the amount of all damages sustained by the opening of temporary highways thereunder by a jury of six freeholders, or by not less than three commissioners as required by section 3 of article 13 of the Constitution (1909) of the State; that the highway commissioner and township board of West Traverse township never determined that there was a necessity for laying out a private or temporary highway across said land; that the damages sustained by complainants were never ascertained as required by said constitutional provision; that the land of complainants is situated in West Traverse township, and that the petition to the highway commissioner was not signed by a resident of West Traverse township; that if defendant is not restrained by injunction from interfering with the fences of complainants and from entering upon their land defendant will continue to tear down and destroy said fences and to trespass upon said land, 'to the great damage and annoyance of your said orator and oratrix, and will involve your said orator and oratrix in a multiplicity of suits.'  The bill prays for a temporary and a permanent injunction to restrain defendant from tearing down or in any way disturbing the fences on their land, and from entering upon said land, and that defendant be required to pay the damages which complainants have suffered by reason of the tearing down of their fences and the entry upon their lands."

The defendants answered and sought to justify their acts under proceedings taken by them by virtue of the provisions of Act No. 283, Pub. Acts 1909.  The complainants claimed defendants proceeded irregularly, and also claim the act is unconstitutional.  The circuit judge, after a full hearing, was of the opinion that there were irregularities in the proceeding and that the law was unconstitutional, and declined to dissolve the temporary injunction.

The question which confronts us at the outset is whether we should interfere with this action of the circuit judge.  The claim of the relator is stated by its solicitors as follows:

"The points in dispute are all pure questions of law,

and the temporary injunction gives all the relief that a permanent injunction would. Mandamus is sought, as it is the only effective remedy available to relator. By the time an appeal could be heard in this court, the possibility of using the way and the time for which it was laid out (December 20, 1909, to April 1, 1910) would have expired. Under such circumstances we understand that this court will entertain an application for a writ of mandamus."

This contention that all questions involved are legal ones is true only in the event that this court should find the law of the case to be as relator claims it to be. In the event that it should find the case is as claimed by the complainants in the chancery case, there is the question of damages to be determined. The court below has not passed upon that question, and this court is not in possession of any facts upon which it could intelligently reach a conclusion upon that phase of the case.

The case stated by the bill of complaint is one properly brought upon the chancery side of the court. See *Rhoades* v. *McNamara*, 135 Mich. 644 (98 N. W. 392). The return of the commissioner of highways shows that he signed the return of the township board and of the highway commissioner under a misapprehension.

In *Detroit, etc., Plank-Road Co.* v. *Wayne Circuit Judge*, 98 Mich. 141 (56 N. W. 1109), Justice MONTGOMERY, speaking for the court, said:

"This court does not sit for the purpose of granting injunctions, except it be on final hearing, when we are vested with jurisdiction on appeal. Aside from the power which we exercise in such cases, we can only interpose, if at all, in case of a plain and gross abuse of discretion. Nor is it an abuse of discretion if the circuit judge should reach a different conclusion than we might, if authorized to sit in his place. The granting of a preliminary writ of injunction is a discretionary power vested in the courts of original jurisdiction. 1 High on Injunctions, §§ 11, 15. Such a writ is not a matter of right, particularly in cases in which the parties may be fully protected by a final decree, or by a suit at law. This court has in some cases interfered to compel the vacation of writs of injunction when

they have operated to affect injuriously vested rights, and when the emergency was such as to require a speedy remedy, and when none but a speedy remedy appeared adequate. *Port Huron, etc., R. Co.* v. *St. Clair Circuit Judge,* 31 Mich. 456; *Tawas, etc., R. Co.* v. *Iosco Circuit Judge,* 44 Mich. 479 (7 N. W. 65); *City of Detroit* v. *Wayne Circuit Judge,* 79 Mich. 384 (44 N. W. 622). In each of these cases, however, the issuing of the injunction was held to be beyond the power of the circuit judge in the particular case. No such criticism can here be passed upon the order made by the respondent. It was certainly within his power to determine judicially whether this writ ought to be granted during the pendency of these proceedings. This he did after a full discussion of the question by counsel, and we do not feel called upon at this stage to review his action."

In *George N. Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511 (99 N. W. 748), Justice HOOKER said:

"The complainant invokes the equitable remedy by injunction. Ordinarily this court will not review the exercise of the judicial discretion of the chancellor, and it is only when the issue or denial of an injunction violates a clear legal right, or is a clear abuse of discretion, that this court will interfere."

See, also, *Doud* v. *Mackinac Circuit Judge,* 118 Mich. 86 (76 N. W. 155); *Briggs* v. *Wayne Circuit Judges,* 118 Mich. 200 (76 N. W. 1134); *Stenglein* v. *Saginaw Circuit Judge,* 128 Mich. 440 (87 N. W. 449); *Central Bitulithic Paving Co.* v. *Manistee Circuit Judge,* 132 Mich. 126 (92 N. W. 938); *Blain* v. *Chippewa Circuit Judge,* 145 Mich. 59 (108 N. W. 440).

Upon the record as presented we see no occasion to interfere.

The writ is denied.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.