CAMPAU *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—EMINENT DOMAIN—ADEQUATE REMEDY AT LAW.

Mandamus will not lie to compel a circuit judge to vacate an order dissolving an injunction restraining a railway company from prosecuting condemnation proceedings before a justice of the peace under its special charter granted by the Territorial legislature in 1834, where defendant justifies his action on the ground that plaintiff has an adequate remedy at law, and that should the injunction remain in force the resulting injury to the railway company and to the public generally will be grossly disproportionate to and far exceed that suffered by the plaintiff.

Mandamus by Daniel J. Campau to compel Joseph A. Moynihan, circuit judge of Wayne county, to vacate an order dissolving an injunction.    Submitted May 2, 1924.    (Calendar No. 31,442.)    Writ denied May 8, 1924.

*Beaumont, Smith & Harris (Moore & Moore,* of counsel), for plaintiff.

*H. R. Martin, W. A. Geer,* and *L. J. Carrigan,* for defendant.

PER CURIAM.    Plaintiff seeks a writ of mandamus to compel the defendant to restore an injunction restraining the prosecution of certain condemnation proceedings brought by the Detroit, Grand Haven & Milwaukee Railway Company.    The railway company is engaged in grade separation in the city of Detroit, pursuant to a contract made with the city on January 16, 1923, and approved by the Michigan public utilities commission.    The plaintiff is the owner of some vacant land adjacent to the company's right of way. To acquire the use of a portion of this land the rail-

road company began condemnation proceedings before a justice of the peace of the city of Detroit. The proceedings were instituted under section 12 of a special charter granted to the company by the Territorial legislature of Michigan on March 7, 1834. After the jury was selected and sworn the plaintiff secured an injunction restraining further prosecution of the proceedings. On the same day answer was filed and the injunction was dissolved. The plaintiff is here seeking mandamus to compel a vacation of the order and the reinstatement of the injunction. He says that the proceedings are illegal and that the justice of the peace had no jurisdiction to entertain the company's petition, for the reason that the special act incorporating the Detroit & Pontiac Railroad Company is no longer in effect; that if the special act be in effect, the procedure sought to be followed has been changed by the consolidations and reorganizations of the railroad company; that the State has the power to alter the procedure for condemning land granted to the company in its special charter without impairing the obligations of a contract, and has by a constitutional amendment and by general legislative act altered and amended such procedure; that the power to condemn land under the special charter of the Detroit & Pontiac Railroad Company was exhausted when the railroad was located and constructed; that the proceedings commenced by the company are not authorized by the special charter.

In addition to these legal objections the plaintiff alleges as a basis for injunctive relief that by reason of the proceedings he will suffer great and irreparable injury; that he has an easement over a certain portion of the right of way adjacent to his land which the company is endeavoring to reduce or to destroy without compensating him therefor; that other rights not mentioned in the petition will be injured and that for

the wrongs complained of he has no adequate remedy at law.

The defendant justifies his action in dissolving the injunction on the ground that the plaintiff has an adequate remedy at law; that the proper place to raise the defenses claimed is on a hearing of the condemnation proceedings and confirmation thereof before the circuit judge as prescribed in the company's charter; that the charter under which the proceedings are being prosecuted is valid and violates no constitutional rights of the plaintiff, and that should the injunction remain in force the resulting injury to the railway company, and to the public generally, will be grossly disproportionate to and far exceed that suffered by the plaintiff.

Under the facts and circumstances presented by this record, we are not inclined to review by mandamus the discretion of the circuit judge in denying the injunction.    Important questions of law and of fact are involved.    All of them can be raised and determined in the condemnation proceedings.

"This court does not sit for the purpose of granting injunctions, except it be on final hearing, when we are vested with jurisdiction on appeal.    Aside from the power which we exercise in such cases, we can only interpose, if at all, in case of a plain and gross abuse of discretion.    Nor is it an abuse of discretion if the circuit judge should reach a different conclusion than we might, if authorized to sit in his place.    The granting of a preliminary writ of injunction is a discretionary power vested in the courts of original jurisdiction.    *    *    *    Such a writ is not a matter of right, particularly in cases in which the parties may be fully protected by a final decree, or by a suit at law." *Detroit, etc., Plank-Road Co.* v. *Wayne Circuit Judge,* 98 Mich. 141.

The writ is denied, with costs to the defendant.