## Hollar, et al. v. Cornett.
## Hollar, et al. v. Allen, et al.

(Decided June 21, 1911.)

### Appeal from Clark Circuit Court.

1.  Board of Education—Vacancy—Election of Members—Injunction —Right to Maintain Action to Enjoin Interference.—There being

two vacancies on the Board of Education of Winchester, appellees were elected to fill them, when it was attempted to substitute two others in their place. Appellees sued to enjoin the two who were substituted in their place. from exercising any of the duties as members of the board, and the lower court properly found in their favor. (For same question see Poyntz v. Shackelford, 107 Ky. 546 and authorities there cited.)

2. Eligibility—Question of—Cannot be Raised Here.—The question of the eligibility of Parrish, one of the newly elected members, cannot be raised here. He is at least a de facto officer and as such is in possession of the office by color of right.

·D. L. PENDLETON, J. M. STEPHENSON, McQUOWN & BECKHAM, JOUETT & JOUETT, J. S. HAYS, F. H. HAGGARD and B. A. CRUTCHER for appellants.

J. F. WINN, S. T. DAVIS, G. F. WYCOFF and T. L. EDELEN for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

These two cases involve a common question and are considered together. The Board of Education of the City of Winchester is composed of ten members, two chosen from each of the five wards in the city. In April, 1910, Harry Ecton, who was then a member of the Board moved from the ward in which he was elected, thus disqualifying himself for further service on the Board, and on the 28th of April J. B. Cornett was chosen by the Board of Education in his stead. On the 26th of August, following, W. A. Adams, who was also a member of the Board, became disqualified, and the Board of Education elected or chose W. O. Parrish to succeed him. Each of these members, so appointed, qualified as the law directs, and continued to discharge the duties of their office from the time of their qualification, and were, at the date of the institution of this suit, still claiming such right.

A dispute arose in the Board over the selection of a superintendent for the school. Four of the members wanted the old superintendent continued in office, while at least four others wanted a change. The four wanting to re-elect the old superintendent met at the usual meeting place for the Board, but were unable to secure a quorum. They thereupon adjourned to the storeroom of Mr. Allen, one of the other faction, and attempted to hold a meeting there, but he would not permit it to be done. Thereafter they attempted to substitute J. W.

Hollar and Joe Jones as members of the Board instead of Cornett and Parrish. This attempt on their part resulted in the institution of these two suits, the purpose of which is to enjoin Hollar and Jones from exercising or attempting to exercise any of the duties of members of the School Board or in any way interfering with Parrish or Cornett in the discharge of their duties as such. The lower court, upon a hearing, found in favor of Cornett and Parrish, and from that judgment these appeals are prosecuted.

At the outset it is insisted that the plaintiffs had no right to maintain these suits. This identical question was decided adversely to the claim of appellants in the case of Poyntz, &c. v. Shackelford, 107 Ky., 546, wherein it is held:

"Incidentally, though not less earnestly, counsel for defendants insisted in the argument that injunction was not the proper remedy. We think, however, that when an officer, in the rightful possession of his office, is molested or interfered with in the discharge of his official duties, and to the detriment and hurt of the public business, this form of action is proper. We so said in the recent case of Weaver, &c. v. Toney, 21 Ky. L. R., 1157, (54 S. W., 732). (See, also, 2 High on Injunctions, Sec. 1315; Brady v. Sweetland, 13 Kan., 43; Kerr v. Trego, 47 Pa. St., 295; 5 Am. and Eng. Dec. Eq., 549.)

"Thus, the learned author of the work last referred to says, in his notes to White v. Butler, 171 U. S., 379:

" 'An injunction will lie, however, to restrain the exercise of the duties of an office, or to prevent interference therewith, whenever the interests of the public require it. Thus, a de facto officer in possession under color of right is entitled to an injunction to restrain another claimant from interfering with his enjoyment of the performance of the duties of the office, pending litigation to establish the right thereto, or, if no litigation be pending, until the claimant shall have established his right at law. (Huntington v. Cash, 149 Ind., 255; Braidy v. Therit, 17 Kan., 468; Guillotte v. Poincy, 41 La. An., 333; Reevielin v. Mosby, 47 Ohio St., 570; &c.'

"And the same author, in his notes to Fesler v. Brayton (Ind., 1896), 3 Am. and Eng. Dec. in Equity, 439, says:

" 'Equity cannot try the title to office in a direct proceeding, but when the question arises collaterally it will assume jurisdiction over it and decide it. Accordingly, though it will not interfere to put a claimant in possession of his office, it will protect one already in possession from being disturbed unlawfully   *   *   * ·But the actual incumbent of an office, whether de jure or de facto, if duly qualified and in office by virtue of a certificate of election issued by the proper officers, will be protected by· injunction thereof.' "

Having the right to sue, the only remaining question is, are Cornett and Parrish members of the Board of Education, or.did the terms for which they were appointed expire at the next general election following their appointment. Sec. 3589, Kentucky Statutes, provides: "Said Board of Education shall determine the qualification of its members. It shall have the power to fill, until the next general election, all vacancies in said Board occasioned by death, removal or other cause." For appellants it is insisted' that the "next general election" referred to in this section was the November, 1910, election, while appellees insist that it means the next election at which members of the School Board should be elected. By Sec. 3588, Kentucky Statutes, the election for school trustees for cities of the fourth class is fixed for the odd years, so that if the words "next general election" mean the next election at which members of the School Board are to be elected, these appointees would hold until the general election in November, 1911. Or, if it means the next general election at which members of the School Board might ·be elected, as to Cornett this would have been at the November, 1910, election, provided an election was held in· the city of Winchester at that time for the election of city, town, county, district or State offices; but as to Parrish, as his appointment was not made ninety days prior to the November, 1910, election, his appointment would have held over until the general November, 1911, election.

But it is urged in opposition to such construction, that by Sec. 155·of the Constitution the provisions of Sec. 145 to 154, inclusive, shall not apply to the election of school trustees or common school district elections, but that such elections shall be regulated by the general assembly. These sections of the Constitution, which do

not apply to school elections, provide for the qualification of voters, the registration, the manner of conducting the election, privilege of voters attending the election, exclusion from office for crime, etc., penalty for bribery, fraud or corrupt practices, prohibition of sale of liquor on election day, and for the filling of vacancies in office, etc.

Although the provisions of the Constitution do not apply to the election of members of the Board of Education, the Legislature has provided for their election, and also for the manner in which vacancies in the Board are to be filled. By. Sec. 1521 the term "vacancy in office" is defined as existing when there is an unexpired portion of a term of office without a lawful incumbent, or when the person elected or appointed to the office fails to qualify according to law, or when there has been no election to fill the office. It is immaterial how the vacancy occurs. If it exists in any one of the three ways it is in law a vacancy.

In the case under consideration the vacancies were due to the removal from the district of two of the members of the Board, and these vacancies were, consequently, for the unexpired portions of their terms.

Sec. 1522 provides that:

"If the unexpired term will end at the next succeeding annual election at which either city, town, county, district, or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment until such election and then said vacancy shall be filled by election for the remainder of the term. If three months do not intervene between the happening of said vacancy and the next succeeding election at which city, town, county, district or State officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or State officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices."

It will thus be observed that the Legislature in making provisions as to how vacancies shall be filled and the tenure of office of appointees to fill vacancies, has followed practically the language of the Constitution. This is the only provision of the statutes regulating this subject, and applies alike to all officers, including members of a School Board. This statute is subject to no dual construction, and, as there was no general election held in the city of Winchester in November, 1910, for any of the offices enumerated in the statute, the vacancy in said Board was necessarily filled by appointment until the general November election, 1911. Consequently, appellees Parrish and Cornett are entitled to their office, and the Chancellor correctly so held.

Complaint is made that Parrish was not eligible to appointment at the time he was made a member of the Board. That question cannot be raised in a proceeding of this character, and we expressly refrain from passing upon the validity of his title. He is at least a de facto officer, and as such is in possesion of the office under appointment and by color of right.

Judgment affirmed.