BECK v. KEIDAN.

1. EQUITY — JURISDICTION — INJUNCTION — RESTRAINING REMOVAL
FROM OFFICE WITHOUT CAUSE.

> The averments of a bill that plaintiff was in January,
> 1920, appointed to an office the tenure of which was for
> six years unless sooner ended for cause, that he entered
> upon the discharge of the duties, that he is still attempt-
> ing to discharge those duties, and that defendants are
> unlawfully attempting to prevent him from doing so,
> held, to state a case entitling plaintiff to injunctive relief.

2. OFFICERS—DEPUTY CLERK OF RECORDER'S COURT—REMOVAL WITH-
OUT CAUSE.

> A deputy clerk of the recorder's court of the city of Detroit,
> appointed by the recorder of said court pursuant to sec-
> tion 286 of the charter of said city, for a tenure of six
> years, unless sooner removed for cause, could not be re-
> moved from office by a majority of the judges of said
> court, reorganized under Act No. 369, Pub. Acts 1919,
> without charges being preferred and a hearing thereon
> given him, said act providing (section 1) that "Nothing
> in this act shall be construed to affect the tenure of any
> judge, clerk, deputy or assistant clerk in said court," etc.

3. SAME—POWER OF JUDGES OF RECORDER'S COURT TO REMOVE FOR
CAUSE.

> In view of section 4, Act No. 369, Pub. Acts 1919, conferring
> upon the court or a majority of the judges thereof
> authority to appoint a clerk, deputy clerk, etc., plaintiff's
> contention that no one but the judge who appointed him
> may remove him, held, untenable, since, under the re-
> organization, a majority of the judges may do what the
> recorder theretofore might do, and if, after a proper
> hearing, sufficient cause is found, they have the power
> of removal.

Appeal from Wayne; Goff (John H.), J.    Sub-
mitted April 21, 1921.    (Docket No. 117.)    Decided
July 19, 1921.

Bill by Benjamin E. Beck against Harry B. Keidan and others, judges of the recorder's court of Detroit, and Charles W. Casgrain, clerk of said court, to enjoin plaintiff's removal as deputy clerk. From a decree dismissing the bill, plaintiff appeals. Reversed.

*Chawke & Sloan,* for plaintiff.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for defendants.

MOORE, J. This is a bill praying for an injunction in which plaintiff represents

"that he was appointed a deputy clerk of said court on, to wit January 29, A. D. 1920, by the Hon. Charles T. Wilkins, recorder of the city of Detroit, and has ever since continued to act in said capacity and to discharge the duties of said office except as hereinafter stated. * * *

"That subsequently by virtue of Act No. 369 of the Public Acts of 1919 there was appointed Thomas M. Cotter, Harry B. Keidan, Christopher E. Stein, William M. Heston, and Pliny W. Marsh, judges of said recorder's court of the city of Detroit; that Charles T. Wilkins and Edward J. Jeffries are also judges of said court by virtue of their election to the offices of recorder and judge of the recorder's court of the city of Detroit at a regular election. * * *

"That on to wit July 15th, 1920, Charles W. Casgrain, clerk of said court, verbally notified plaintiff that a majority of the judges of said court had on said date decided to dispense with the services of this plaintiff as one of the deputy clerks of said court, and that after July 31, 1920, plaintiff's services would no longer be required and would cease. * * *

"Plaintiff further shows that he is guilty of no act which would justify said judges in discharging him, nor is he guilty of any neglect of duty which would justify them in so doing; that no written charges were presented or filed, nor were any served upon plaintiff or upon the clerk of said court, nor was there any trial thereon." * * *

In the prayer of the bill appears the following:

"That·the said persons mentioned in the preceding paragraph and Charles W. Casgrain, clerk of the recorder's court of Detroit may be restrained by the injunction of this honorable court from interfering with this plaintiff, directly or indirectly in the discharge of his duties as aforesaid, and from preventing or attempting to prevent him from discharging his said duties; that they may be further restrained from striking his name from the pay-roll of the office of the clerk of the recorder's court of the city of Detroit, Michigan,. and from omitting to include his name therein, and from interfering with the proper authorities in their payment of salary or salary checks to this plaintiff for the discharge of his duties as deputy clerk, as aforesaid, and that they may be required to insert his name upon the said pay-roll.

"That this court, by its decree, find that plaintiff is entitled to discharge his duties and receive his salary as a deputy clerk of said court, so long as the said Charles T. Wilkins shall remain in office as a judge of said court under his present tenure of office and shall not discharge this plaintiff."

There is also a prayer for general relief.

The answer of Harry B. Keidan, William M. Heston, Christopher E. Stein, Thomas M. Cotter, and Pliny W. Marsh, defendants to the bill of plaintiff, contains the following:

"The said defendants further answering the said bill say that inasmuch as the statutes creating the recorder's court of the city of Detroit and the statutes amendatory thereof give to the judges of said recorder's court of the city of Detroit, the right and exclusive power of appointment and removal of the clerk, deputy clerks and such other clerical assistants as may be necessary, the circuit court for the county of Wayne, in chancery, has no power or jurisdiction over the question."

No order of removal was ever entered in the journal of the recorder's court.

Circuit Judge Goff filed an opinion reading:

"At the hearing of this case, this court expressed doubt as to the jurisdiction of the court to make disposition of the case, and after further consideration and examination of the briefs of counsel, the court is of the opinion that the bill should be dismissed, and an order may be entered to that effect.

"An interesting case touching upon this matter may be found in the case of *In re Sawyer*, 124 U. S. 200, 212 (8 Sup. Ct. 488), on which page the Supreme Court of the United States say:

"'It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is intrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, *quo warranto*, or information in the nature of a writ of *quo warranto*, according to the circumstances of the case, and the mode of procedure, established by the common law or by statute.'"

The case is brought here by appeal.

The facts are not in serious dispute.

The act creating the recorder's court provides:

"There shall be a clerk and two deputy clerks of said court, who shall be appointed by the recorder, and a memorandum of such appointment shall be entered upon the records of the court. Such clerk and deputy clerks shall hold their offices for the term of six years from and after January 16, 1894, and until their successors are duly appointed and qualified. * * * The recorder shall have the power at any time to remove such clerk, deputy clerks and assistants for incompetence or serious neglect in the performance of their duties; and in case of such removal or of a vacancy in the said office by the death of said clerk, deputy clerk or assistants or otherwise, the said recorder shall fill the unexpired term by a new appointment." Charter and Laws of Detroit, 1914-1916, § 286.

The Honorable Charles T. Wilkins, recorder of the city of Detroit, on January 29, 1920, appointed plaintiff a deputy clerk of the recorder's court and administered to him the oath of office, and entered a memorandum of such appointment of plaintiff on the records of the court.

Act No. 369, Pub. Acts 1919, §§ 1, 4, before referred to, provides among other things:

"Nothing in this act shall be construed to affect the tenure of any judge, clerk, deputy or assistant clerk in said court holding office at the time that this act becomes operative in such municipality."

And:

"The court or a majority of the judges thereof, shall have authority to appoint, subject to the provisions hereof a clerk and deputy clerk, and such other clerical and stenographic assistants as may be necessary and to fix the compensation thereof.  *  *  * All clerks, deputies, assistants or other employees appointed by the court shall hold office at the pleasure thereof, except as herein expressly provided."

Section 9 of said act further provides:

"Nothing in this act shall diminish the powers, duties or jurisdiction of any municipal court of record now existing, or of the members of said court, nor as altering the practice or procedure thereof, except as herein otherwise provided, it being the intention that said court shall continue the same except as to the changes herein named."

No charges were preferred against plaintiff. No notice of a hearing was given to him, and no hearing was in fact had. It is the claim of a majority of the judges that by virtue of Act No. 369 of the Public Acts of 1919 they may remove the deputy clerks of the recorder's court at their pleasure. The other claim that a court of equity will not interfere has already been stated.

The averments of the bill are in substance that plaintiff was in January, 1920, appointed to an office, the tenure of which was for six years unless sooner ended for cause, and that he entered upon the discharge of the duties, and that he is still attempting to discharge those duties and that defendants are unlawfully attempting to prevent him from doing so, and that he is entitled to injunctive relief. The principle involved is not new in this court. It found expression in *Stenglein* v. *Saginaw Circuit Judge*, 128 Mich. 440, and again in *Blain* v. *Chippewa Circuit Judge*, 145 Mich. 59. These 'cases are so accessible that we do not quote from them. An instructive case is *Ekern* v. *McGovern*, 154 Wis. 157 (142 N. W. 595, 46 L. R. A. [N. S.] 796). In the instant case the record does not disclose that any one is claiming title to the office held by the plaintiff. His claim is that while he is a *de jure* and *de facto* officer, an unlawful attempt is being made to prevent him from performing his judicial duties. We think the cases cited justify the exercise of the equity power of the court.

The claim of the majority of the judges of the recorder's court that they may at their pleasure dismiss the plaintiff ignores the fact that he was a deputy clerk of the recorder's court when they became members of the court, and the same act which authorized their appointment by the governor provided in language that is plain to be understood that:

"Nothing in this act shall be construed to affect the tenure of any judge, clerk, deputy or assistant clerk * * * holding office at the time this act becomes operative." Act No. 369, Pub. Acts 1919, § 1.

As to the claim of the plaintiff that no one but Judge Wilkins, who appointed him, can remove him, we think it is not tenable. When he was appointed the provision was:

"The recorder shall have power at any time to re-

move such clerk, deputy clerks, etc., for incompetence or serious neglect in the performance of their duties," etc.

Now that the court is reorganized we think a majority of the judges may do what Judge Wilkins theretofore might do. If they should find, after a proper hearing, after notice and an opportunity to be heard has been given him, that the plaintiff is incompetent or that he seriously neglects the performance of his duties, then we have no doubt of the power of removal. That power has not been properly exercised in the instant case.

The decree of the court below is reversed and one may be entered here in accordance with this opinion. Neither party will recover costs.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.