CHARLES H. BROWN *v.* JAMES B. ROCK ET AL.

February Term, 1926.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 5, 1926.

*Equity—Officers—Mode of Determination of Title to Office—When Relief by Injunction to Incumbent of Public Office May Be Granted—Insufficiency of Complaint to Show Possession of Public Office—Disposition of Complaint in Supreme Court Where Title to Office Involved—Insufficiency of Chancellor's Findings to Show Possession of Public Office.*

1.  Equity supplements but does not supplant legal remedies.
2.  Jurisdiction to determine title to public office belongs exclusively to the court of law, and is exercised either by *certiorari*, error or appeal, or by mandamus, prohibition, *quo warranto*, or information in the nature of a writ of *quo warranto*, according to the circumstances of case and mode of procedure established by common law or statute.
3.  Injunctive relief may be granted to incumbent of a public office to protect his possession against interference of an adverse claimant whose title is in dispute, until latter shall establish his title at law.
4.  Mere claimant to office, having no possession, is not entitled to equitable relief by injunction, but his rights being legal his remedy is at law.
5.  Party seeking injunctive relief to protect him in performing duties of office must allege and prove possession of office or what amounts thereto.
6.  In equity suit to enjoin defendant from interfering with plaintiff in performance of duties of road commissioner, allegations of complaint *held* not to show that plaintiff was in possession of office at time suit was commenced.
7.  Although usually when complaint in chancery is adjudged insufficient by Supreme Court case is remanded without directions, when right to exercise power of public office is suspended question should be settled as speedily as possible with

due regard for rights of all parties, and Court will look to chancellor's findings, made after hearing on merits, to see if they disclose stronger showing by plaintiff as to possession of office than appears from complaint.

8. In such suit, findings of chancellor *held* not to show that plaintiff had such possession of office as entitled him to injunctive relief.

APPEAL IN CHANCERY. Heard on bill, demurrer, answer, and facts found by chancellor, at June Term, 1926, Caledonia County, *Willcox*, Chancellor. Decree for plaintiff. The defendants appealed. The opinion states the case. *Reversed. Demurrer sustained, complaint adjudged insufficient, and remanded with directions.*

*Searles & Graves* for the defendants.

*Shields & Conant* for the plaintiff.

SLACK, J. This is a suit in equity. The complaint which was sworn to June 16, 1925, alleges, in substance, that defendants Rock, Sinon, and Leavitt are selectmen, and defendant Miles is treasurer, of the town of Wheelock; that defendant Deos is agent of the selectmen; that at the March meeting, 1925, plaintiff was elected road commissioner of that town, and duly qualified as such; that on May 7, 1925, the selectmen undertook to remove him from said office on the ground that he was guilty of misconduct therein and declared such office vacant; that at a special town meeting held on June 2 following, plaintiff was reelected to that office and has since been and now is the legally elected and duly qualified road commissioner of that town; that said selectmen are interfering with him in the performance of the duties of said office by undertaking to perform such duties themselves and by their agents; that said selectmen have neglected and refused to furnish him with tools with which to carry on the work of said office, and have neglected and refused to furnish him with order books upon which to draw orders on the treasurer, and have ordered and directed the treasurer not to pay any orders drawn by him as road commissioner for work performed on the highways of said town; that said selectmen have ordered and directed said treasurer to accept and pay all orders

drawn by them or their agents for work on such highways, and that said treasurer will so do unless restrained; that plaintiff has made demand upon said selectmen for necessary tools, order books, etc., and they have refused to furnish the same; that Deos, as agent of the selectmen, is working on the highways of said town and is employing help and teams to assist in such work, and is using the money of the town to pay therefor, all without authority, and will continue so to do unless restrained; that unless defendants are restrained, all of the money of said town available for road work will be improperly expended, and plaintiff will be deprived of the income and emoluments of said office; and prays that the selectmen, their servants and agents, be restrained from interfering with plaintiff in the conduct of said office; that the selectmen be ordered and directed to refrain from interfering with plaintiff in obtaining such tools as the town has suitable for use on its highways, and be restrained from ordering and directing the treasurer not to honor and pay orders properly drawn by plaintiff as such road commissioner; that the treasurer be ordered and directed to refrain from refusing to honor and pay orders drawn by plaintiff as such road commissioner, and that Deos be enjoined from issuing, drawing or negotiating any orders on the treasurer for labor and material furnished in repairing the highways of said town.

The defendants filed an answer in which they incorporated a demurrer whereby they challenge the jurisdiction of the court of equity on the ground that plaintiff has a full, complete, and adequate remedy at law, either by *quo warranto, mandamus* or *certiorari;* that such court has no jurisdiction to determine political questions and controversies between different town officers, and that the complaint does not show that plaintiff is an incumbent of the office of road commissioner, and therefore entitled to equitable relief or assistance in the discharge of the duties thereof. The demurrer was overruled subject to defendants' exception, and the benefit thereof was reserved to them on final hearing.

[1, 2] Since the defendants now claim the benefit of this exception our first inquiry concerns the sufficiency of the complaint to meet the objections interposed to it. We think the court erred in overruling the demurrer. While the complaint does not show that some one other than the plaintiff was claiming title to the office of road commissioner, it does show that his

27

right to hold that office and perform the duties thereof, after the June 2 election, was challenged by the defendants in every conceivable manner. The selectmen refused to furnish him with the tools and books belonging to that office, and directed the treasurer not to honor or pay orders drawn by him, and the treasurer refused to honor and pay such orders. If the plaintiff's title to the office was in dispute, his remedy was by way of *quo warranto* or *information* in the nature of *quo warranto*. If his title was not in dispute, but the selectmen and treasurer were simply ignoring him by refusing to turn over to him tools and books that belonged to the office, and in the other ways alleged in the complaint, he had an appropriate remedy at law. It is axiomatic that equity supplements but does not supplant legal remedies. "The jurisdiction to determine the title to public office," says Mr. Justice Gray in *In re Sawyer,* 124 U. S. 200, 212, 31 L. ed. 402, 8 Sup. Ct. 482, "belongs exclusively to the courts of law, and is exercised either by *certiorari,* error or appeal, or by mandamus, prohibition, *quo warranto,* or information in the nature of a writ of *quo warranto,* according to the circumstances of the case, and the mode of procedure established by the common law or by statute." This proposition is too well established to require a citation of authorities. Such has been our practice from the beginning of our legal history. Indeed, no case has been called to our attention in which a court of equity has assumed jurisdiction to try and determine the title to a public office when such title was in dispute.

[3-6] There is authority, however, for holding that injunctive relief may be granted to an incumbent of a public office to protect his possession against the interference of an adverse claimant whose title is in dispute, until the latter shall establish his title at law. Such are the cases relied upon by the plaintiff. See *Felker* v. *Caldwell,* 188 Ind. 364, 123 N. E. 794; *Reemelin* v. *Mosby,* 47 Ohio St. 570, 26 N. E. 717; *State ex rel. Garrison* v. *Brough et al.,* 94 Ohio St. 115, 113 N. E. 683; *Black* v. *Lambert* (Tex. Civ. App.), 235 S. W. 704; *Beck* v. *Keiden et al.,* 215 Mich. 13, 183 N. W. 742; *Poyntz, etc.* v. *Shackleford,* 107 Ky. 546, 54 S. W. 855; *Hollar* v. *Cornett,* 144 Ky. 420, 138 S. W. 298; *Young* v. *Dudney* (Tex. Civ. App.), 140 S. W. 802, and cases collected in 29 Cyc. 1416. We think this rule a logical and sensible one. Thereby, a party in possession of an office may be protected in the exercise thereof against the interference of an ad-

verse claimant until such claimant has established his right to possession in a proper proceeding at law. But a mere claimant is never granted such relief, since having no possession to protect, his rights, such as he has, are purely legal, rather than equitable, and his remedy is in the law courts. Actual possession of the office, or what amounts to such possession, must be alleged and proved by the party seeking such relief. *Black* v. *Lambert, supra.* The allegations of the complaint in the instant case fail to show that the plaintiff was in possession of the office at the time this suit was commenced, but tend rather to show the contrary.

[7] It is the usual practice when a complaint in chancery is adjudged insufficient by this Court to remand the case without directions, and leave the plaintiff to proceed as he may be advised; but when, as here, the right to exercise the power of a public office is suspended the question should be settled as speedily as possible with due regard for the rights of all parties. We, therefore, look to the findings made by the chancellor after hearing on the merits to see if they disclose a stronger showing by plaintiff as to the possession of the office than appears from the complaint. It is found that on May 7, 1925, the selectmen removed plaintiff from the office of road commissioner for cause; that immediately thereafter they appointed Deos to that office, and that he qualified and assumed the duties thereof; that at the June 2 meeting plaintiff received a majority of the votes cast for road commissioner, and was declared elected to that office by the moderator; that the bond formerly given by him was in force, and was so recognized by the selectmen; that thereafter plaintiff, claiming to be road commissioner, did some work himself and hired some done, and drew orders on the town treasurer therefor, which orders the latter refused to pay; that "at the same time plaintiff was seeking to exercise and perform the duties of the office after June 2, the defendant Deos whom the selectmen had appointed, as hereinbefore set forth, claiming to act as road commissioner, performed labor upon the highways of the town of Wheelock and employed others to do the same and continued to so act claiming to be road commissioner until restrained by order of this court in the latter part of July." The amount of work done by plaintiff and his employees after the June 2 election does not appear, but it is found that after that election, and before the injunction was served, Deos expended

approximately $1,200 on the highways of said town.   These are the only findings that have any tendency to show who was in actual possession of the office when these proceedings were commenced, and the record discloses no attempt by plaintiff to procure further findings touching that question.

[8]   It is argued on behalf of plaintiff that these findings show that both he and Deos were acting as road commissioner, and show that he was acting rightfully as such, while Deos did not have even color of title to the office to justify his action. Admitting that both were acting so far as they were able to in the circumstances, both could not be in possession of the office at the same time.   One, so to speak, was acting from within, and the other was acting from without.   Only the one acting from within—the one in possession of the office, the *de facto* officer— was entitled to injunctive relief; the one acting from without, even though he had title to the office, being required to assert his rights in another form.   The findings, like the complaint, fail to show such possession of the office by plaintiff as entitles him to equitable relief.

The disposition of the questions considered makes examination of the other questions unnecessary.

*Decree reversed, demurrer sustained, complaint adjudged insufficient, and cause remanded with directions that the complaint be dismissed with costs.*