# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

2025-SC-0462-I

LONDON CITY COUNCIL; JUDD WEAVER; DONNA GAIL WILSON HOUSE; KELLY SMITH GREENE; ANTHONY ORTEGA; JUSTIN YOUNG; AND JAMES BAKER, EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS MEMBERS OF THE CITY COUNCIL FOR THE CITY OF LONDON; TRACIE HANDLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS APPOINTED MAYOR

MOVANTS

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2025-CA-1269
LAUREL CIRCUIT COURT NO. 25-CI-00864

RANDALL WEDDLE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

RESPONDENT

**OPINION AND ORDER**
**DENYING MOTION FOR INTERLOCUTORY RELIEF**

This matter is before the Court upon the Movants'—the City Council of London, in their official and individual capacities, as well as the former Interim-Mayor appointed by the City Council—motion for interlocutory relief pursuant to RAP[1] 21(B) and 20(F). After review of the briefs and limited record, as well as consideration of the Court of Appeals' decision below, we conclude the Court of Appeals correctly determined the Circuit Court has not issued any injunction and the refusal to grant an injunction was not adverse to the

---

[1] Kentucky Rules of Appellate Procedure.

Movants therefore, RAP 20 does not provide any grounds for interlocutory relief. We further affirm injunctive relief to remove Mayor Weddle from office and reinstate Interim-Mayor Handley is not warranted under law. This case is remanded to the Court of Appeals for further proceedings on the underlying merits of the appeal consistent with this opinion.

## I.      Background and Procedural Posture[2]

Randall Weddle was elected Mayor of London in 2022 to a four-year term of office with more than 56% of the voting population casting their ballot in his favor. It is obvious the relationship between him and the City Council has not been one of mutual cooperation but rather fraught with mutual antagonism. The City Council itself has been subject to turnover. At least three members have been appointed to fill a vacancy rather than being elected, one of whom was Weddle's opponent in the mayoral campaign, and the last resignation occurred a mere eight days prior to the City Council's vote to remove Weddle from office and appoint Tracie Handley Interim-Mayor.

That decision came on September 5, 2025. Eleven total charges were levied against Mayor Weddle by the City Council, which he was informed of in final form on August 29, 2025.[3] The City Council found three bases for

---

[2] Because this case is before us upon a motion for interlocutory relief during the pendency of an appeal in a lower court, we are especially careful to avoid any extraneous *dicta* that touches upon the merits of the underlying appeal, *i.e.*, whether the grounds and process for removal were lawful. Accordingly, we will detail only that necessary to orient the reader and explain the grounds of our decision.

[3] Two prior notices were also given on August 4 and August 15. Mayor Weddle represents that each notice contained material amendments, whilst the Movants aver

2

removal. First, it found Mayor Weddle had signed a mortgage on behalf of the City of London for $5,000,000 and put city property, a public park, as collateral, obligating the City to pay monthly installments of at least $28,000 to repay the loan. Second, that Mayor Weddle had willfully refused to publish notification of a city ordinance within thirty days. Third, that Mayor Weddle violated the law and Code of Ethics by refusing to acknowledge a vacancy on the City's Ethics Board after more than sixty days had passed which allowed the Board to fill the vacancy with an appointee of its own choosing.

Mayor Weddle appealed to Laurel Circuit Court on September 11, 2025, pursuant to KRS 83A.040(9). Judge David Williams was appointed Special Judge to hear the case. On September 12, Mayor Weddle filed a motion for a temporary restraining order. On September 19, the trial court heard that motion. On September 24, the trial court issued an order denying a temporary restraining order but granted a motion for expedited briefing. The trial court stated,

> The parties indicated that the Court can rely upon the briefing for the temporary injunction for determination of the merits of the appeal, though Counsel for Defendants asked for more time to fully respond. Therefore, Defendants shall file an Answer and supplemental brief in response to the Complaint on or before September 24, 2025, to which Randall Weddle may reply within five days of those filing(s). The Court advises the parties that it intends to move expeditiously on this appeal[.][4]

---

the notice of August 29 merely clarified and gave more detail to charges which Mayor Weddle was already aware.

[4] There is either a typo regarding the date or the written order was delayed. The electronic signature on the order reflects September 24, 2025, so there is some

3

A hearing was held on September 29 in which the trial court denied the pending motion to dismiss certain parties—the City Council and Tracie Handley—concluding they had entered a general appearance and the court properly exercised personal jurisdiction over them. The trial court also ruled on the merits. The trial court orally noted,

> There's also a question of whether or not injunctive relief is available . . . . There's a pretty good argument that this is exclusive relief as far as the appeal of the action of the Council as far as removal. . . . So it appears to me that I can accomplish the same thing [as] injunctive relief by finding that the statute is constitutional and that the grounds put forward for removal of Mayor Randall Weddle are totally and completely insufficient and that I am immediately reinstating him as the Mayor of the City of London . . . .

Congenial to its oral statements from the bench, the trial court entered a written order that day holding,

1. Defendants/Respondents made a general appearance and waived any objection to service of process and their motion to dismiss is therefore DENIED; and

2. The Court concludes that the London City Council failed to present sufficient grounds for the removal of Randall Weddle from the office of Mayor of London and thus, EFFECTIVE IMMEDIATELY, Randall Weddle is HEREBY REINSTATED as Mayor of the City of London.

   SO ORDERED.

   The City Council appealed to the Court of Appeals on the merits of this decision. The Court of Appeals has designated the underlying case for

_____

confusion as to why the deadline to make any supplemental filings would be on the same date.

4

expedited briefing. Nonetheless, the City Council sought interlocutory relief before the Court of Appeals pursuant to RAP 20.

The Court of Appeals—Chief Judge Larry Thompson writing for a unanimous panel, joined by Judges Cetrulo and Eckerle—held RAP 20 was inapplicable. The court noted a permanent injunction requires findings of fact and conclusions of law pursuant to CR[5] 52.01, both of which are conspicuously absent from the trial court's final order, and the City Council never requested the trial court clarify its findings of fact under CR 52.04. Citing the rule that an injunction, an equitable remedy, will not be granted if the remedy at law is "full, adequate, and complete[,]"[6] the court noted the trial court's statement from the bench to the effect that reinstatement to office was an exclusive remedy if removal was unlawful. Accordingly, the Court of Appeals concluded,

> We therefore construe the circuit court's September 29, 2025, Order reinstating Mayor Weddle as a ruling on the merits of the statutory appeal pursuant to KRS 83A.040(9) and not as a permanent injunction enjoining the Council from ousting Weddle, despite Weddle's requesting a common law permanent injunction in his complaint.

---

[5] Kentucky Civil Rules of Procedure.

[6] The Court of Appeals cited 43A C.J.S. § 80 for this rule, and it is consistent with our law. "Injunctions, generally, will not be granted, minus some positive provision of the law to the contrary, where there is a choice between ordinary processes of law and the extraordinary remedy by injunction, when the remedy at law is sufficient to furnish the injured party full relief to which he is entitled in the circumstances*." Cyprus Mountain Coal Corp. v. Brewer*, 828 S.W.2d 642, 645 (Ky. 1992).

Consequently, said the court, "RAP 20 is inapplicable. The Appellants' motion for interlocutory relief could be denied on this basis alone." Nonetheless, the Court of Appeals addressed whether the City Council will suffer irreparable harm pending the appeal pursuant to RAP 21. The Court of Appeals concluded there would be no irreparable harm because

> [t]here is no allegation that Weddle was not duly elected in November of 2022 by the people of London, Kentucky. Thus, the status quo is that Weddle has been reinstated as Mayor following the circuit court's ruling on the merits of the KRS 83A.040(9) ouster procedure, while the status quo ante is that he is a duly elected official. See KY. CONST. Sec. 160.

The Movants now bring this case before the Court pursuant to RAP 20(F). Notably, the same standard applies whether we consider this as review of an order granting or denying a permanent injunction under RAP 20, or as an order of relief before the Court of Appeals under RAP 21. *See* RAP 21(B).

The Movants have failed to address the Court of Appeals' conclusion regarding the inapplicability of RAP 20. As to RAP 21, however, the Movants premise their irreparable harm on the fact that the City Council of London unanimously voted to remove Mayor Weddle and appoint Tracie Handley Interim-Mayor in his place. In an affidavit, Interim-Mayor Handley avers that she is having to respond to an investigation from the Finance and Administration Cabinet regarding expenditures made during Mayor Weddle's tenure; a lawsuit involving a former police officer regarding an officer-involved shooting; and general problems of administration such as payments to employees outside the ordinances and appointments. She charges that all of

6

these things will be negatively impacted by her removal from office, and especially so if the Court of Appeals later agrees with the City Council on the merits of Mayor Weddle's removal.

Finally, the Movants argue the Court of Appeals erred in failing to issue its own injunction to remove Mayor Weddle and reinstate Interim-Mayor Handley. The Court of Appeals thought injunctive relief inappropriate because

> No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office; such questions being of a purely legal nature, and cognizable only by courts of law.

*Hill v. Anderson*, 90 S.W. 1071, 1072 (Ky. 1906). To the contrary, the Movants declare

> An injunction will lie, however, to restrain the exercise of the duties of an office, or to prevent interference therewith, whenever the interests of the public require it. Thus a de facto officer in possession under color of right is entitled to an injunction to restrain another claimant from interfering with his enjoyment of the performance of the duties of the office, pending litigation to establish the right thereto, or, if no litigation be pending, until the claimant shall have established his right at law.

*Hollar v. Cornett*, 138 S.W. 298, 299 (Ky. 1911).

Finally, there is the issue of whether the City Council and Interim-Mayor Handley were properly served pursuant to KRS 454.140.

We now address the discrete issues before us, mindful of the fact that the underlying merits of whether Mayor Weddle was lawfully removed from his office by the Movants is still a pending question before the Court of Appeals.

7

## II.     Analysis
## A. Substantial Compliance with KRS 454.140

The law requires that "[e]very process in an action or proceeding shall be directed to the sheriff of the county; or, if he be a party, or be interested, to the coroner; or, if he be interested, to the jailer; or, if all these officers be interested, to any constable." KRS 454.140(1). In this case, the City Council and Interim-Mayor Handley were served by the Acting Police Chief of the City of London rather than the Sheriff of Laurel County. Accordingly, Movants argue the trial court never established personal jurisdiction over these parties due to the defect in the service of process and, since these parties are necessary and indispensable, the trial court's order is void. The trial court and Court of Appeals held the parties had entered a general appearance before the trial court pursuant to motion practice, which the Movants dispute.

Regardless of the decisions of the courts below, we disagree with the Movants that service was defective therefore, whether the parties made a general appearance is moot. KRS 454.150(1) was adopted into the Kentucky Revised Statutes without alteration from Section 667 of the Civil Code of Practice. *Adams v. Letcher Cty.*, 184 S.W.2d 801, 802 (Ky. 1944). As noted in that decision, "[t]he purpose of that section is to safeguard against placing the summons in the hand of an interested party who might, by reason of his interest in the case, deliberately refuse to serve the summons, or fraudulently return the process against an antagonist." *Id.* Accordingly,

> where the interest of the party serving the process is not
> antagonistic to the person upon whom process is served, and the
> summons is actually executed, the evil sought to be averted by this

8

> section of the Code cannot be brought about. In such state of case, we believe the summons and its execution should be held to be valid as to the associate members of the board.

*Id. Adams* reaffirmed a rule of substantial compliance with KRS 454.150(1)'s predecessor. *Id.* (citing *James v. Ashland Finance Co.*, 30 S.W.2d 897 (Ky. 1930)). There being no substantive alteration to the text of the statute when it was incorporated into the Kentucky Revised Statutes, we believe the General Assembly had no intention to abrogate that rule. In this case, the Acting Police Chief served the City Council and Interim-Mayor Handley. There is no allegation he is antagonistic to their interest; the Acting Police Chief has no relation to the merits of this case whatsoever. Substantial compliance was had under the statute therefore, service of process was not defective, and the trial court properly exercised personal jurisdiction.

## B. Relief under RAP 20 Unavailable

Movants' failure to make any argument on this issue significantly weighs against them. It is not the business of the Court to make arguments on behalf of parties. We agree with the Court of Appeals the trial court's order reinstating Mayor Weddle to office cannot be construed as a permanent injunction. The order did not contain any findings of fact or conclusions of law. The remedy, reinstatement to office, is also a legal one and not equitable therefore, injunctive relief would be inappropriate in any event. *Cyprus Mountain Coal Corp. v. Brewer*, 828 S.W.2d 642, 645 (Ky. 1992). The trial court's September 29 order was on the merits of Mayor Weddle's KRS Chapter 83A appeal.

Regarding relief from a permanent injunction RAP 20(C)(1) provides, "[a]fter an appeal is taken from a final judgment granting or denying an injunction, any party may move the circuit court to grant, suspend or modify injunctive relief during the pendency of the appeal." Movants do not cite to the record in their brief where they filed such a petition in the circuit court despite the Court of Appeals noting the failure. RAP 20(C)(2) then provides, "A party adversely affected *by a ruling by the circuit court under paragraph (C)(1) of this rule* may move the Court of Appeals for relief." (emphasis added). Thus, the failure to invoke RAP 20(C)(1) in the trial court precludes invoking RAP 20 relief in the Court of Appeals.

Our review is conditioned by RAP 20(F), stating,

Any party adversely affected by an order of the Court of Appeals in a proceeding under sections (B) or (C) of this rule may, no later than 10 days from the date on which such order was entered, move the Supreme Court to vacate or modify it. The decision whether to review such order shall be discretionary with the Supreme Court. Such a motion will be entertained only for extraordinary cause shown in the motion.

Because relief was not properly invoked in the Court of Appeals, for the reason that the trial court's order is not an injunction and the Movants evidently did not understand it that way immediately after it was rendered, we decline to grant any relief of our own accord. The Court of Appeals is affirmed.

## C. Relief under RAP 21 Improper

RAP 21(A)(1) provides,

At any time after a notice of appeal under RAP 2 or a motion for discretionary review under RAP 44 has been filed, a party to the appeal or motion may move the appellate court for intermediate

10

> relief upon a satisfactory showing that otherwise the movant will
> suffer immediate and irreparable injury before final disposition of
> the appeal.

RAP 21(B) provides for our review of such a decision from a party adversely affected; therefore, review is proper. The Court of Appeals held there would be no irreparable harm to the Movants because Mayor Weddle was lawfully elected and there is no basis to believe his election was unlawful. Accordingly, the court held the *status quo* at the present time and *status quo ante* are the same—Mayor Weddle is serving in his elected capacity. The Court of Appeals was reluctant to issue its own injunction reinstating Interim-Mayor Handley because of this.

The Movants argue that injunctive relief is available as noted above. They have misconstrued the import of *Hollar v. Cornett*, 138 S.W. 298, 299 (Ky. 1911). That decision does hold injunctive relief is available "to restrain the exercise of the duties of an office, or to prevent interference therewith, whenever the interests of the public require it." *Id.* Immediately after that statement, however, the Court said,

> Equity cannot try the title to office in a direct proceeding, but,
> when the question arises collaterally, it will assume jurisdiction
> over it and decide it. Accordingly, though *it will not interfere to put
> a claimant in possession of his office, it will protect one already in
> possession from being disturbed unlawfully.* *** But *the actual
> incumbent of an office, whether de jure or de facto, if duly qualified
> and in office by virtue of a certificate of election issued by the proper
> officers, will be protected* by injunction against unlawful
> interference with his possession thereof.

*Id.* (emphasis added). As stated, several times now, Mayor Weddle was lawfully elected. He is the incumbent. The trial court ordered him reinstated and the

11

Movants did not seek a stay of that order in the trial court pending appeal. He is now the incumbent both *de facto* and *de jure*. Equity protects Mayor Weddle, not the Movants or the former Interim-Mayor Handley. "[W]hen an officer in the rightful possession of his office is molested or interfered with in the discharge of his official duties, and to the detriment and hurt of the public business," an injunction is appropriate. *Id.* at 298-99. It is Mayor Weddle who is the rightful possessor, either by virtue of his election or, for the time being and pending resolution of the underlying merits of this case in the Court of Appeals, by virtue of the trial court's order reinstating him to office.

Subsequent case law agrees. In *Hutchinson v. Miller,* the newly elected commissioners of the Campbell County Fiscal Court sought to remove from the Justices of the Peace of that county certain powers regarding the public fisc. 164 S.W. 961, 962 (Ky. 1914). The Justices believed their election was unlawful. *Id.* They sought an injunction to prevent the Commissioners from interfering with the exercise of their powers until a determination on the underlying merits had been rendered. *Id.* The Court held an injunction was appropriate because

> the justices of the peace were invested, by section 1840 of the Kentucky Statutes, with full authority to regulate and control the fiscal affairs of the county and any interference with this power by appellees, under a claim of right by which they proposed to take the regulation and control of the fiscal affairs of the county out of the hands of the justices of the peace, who were rightfully in possession thereof, was detrimental to the public business and the public good.

12

*Id.* at 963-64. Similarly, in *Bd. of Educ. of Boyle Cty. v. McChesney,* injunctive relief was approved for a superintendent who had been duly appointed by the Board of Education, but only a week later they sought to rescind his appointment. 32 S.W.2d 26, 27-29 (Ky. 1930). An injunction was appropriate to keep the Superintendent in office until a determination on the underlying merits of his removal was had. *Id.* at 29.

The circumstances of this case are similar. Mayor Weddle was duly elected. Under the color of law, the City Council sought to and did remove him from office. Mayor Weddle challenged the lawfulness of that action. Accordingly, equity protects his interests until the underlying merits are resolved. The decision of the Court of Appeals is affirmed.

## III. Order

Movants' motion for interlocutory relief under RAP 20(F) and RAP 21(B) is hereby DENIED. This case is REMANDED to the Court of Appeals for further proceedings on the Movants' appeal of the Laurel Circuit Court's order reinstating Mayor Weddle to office.

Bisig, Conley, Goodwine, Keller, Thompson, and Nickell, JJ., sitting. All concur. Lambert, C.J., not sitting.

ENTERED: December 18, 2025

_____
DEPUTY CHIEF JUSTICE

13